IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF HACKBERRY BAPTIST CHURCH, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:14-cv-00037 |
| v. | ) ) | **MEMORANDUM OPINION** |
| RHONDA DODY WOMACK, d/b/a WOMACK AGENCY and NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| Defendants. | ) ) | |

The Trustees of Hackberry Baptist Church ("Plaintiff") filed suit against Rhonda Dody Womack and Nationwide Mutual Insurance Company (collectively, "Defendants") in the Circuit Court of Halifax County on June 27, 2014. (Not. of Removal ¶ 3, July 29, 2014.) Defendants removed the action to this Court on July 29, 2014. (Id.) Although both Plaintiff and Womack are residents of Virginia and are non-diverse for purposes of jurisdiction, Defendants argued in their Notice of Removal that Womack was fraudulently joined and thus her citizenship should be ignored when determining whether jurisdiction exists. (See id. ¶¶ 8–10.) Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) on August 29, 2014, arguing that there is no cognizable cause of action against Womack, and that the Complaint fails to state a claim against Nationwide. (See Mot. to Dismiss, Aug. 29, 2014 [ECF No. 10]; Def.'s Br. in Supp. of Mot. to Dismiss, Aug. 29, 2014 [ECF No. 11].) Plaintiff filed a Motion to Remand the same day, contending that the state court should determine whether Womack is liable to Plaintiff. (See Mot. to Remand, Aug. 29, 2014 [ECF No. 13]; Pl.'s Br. in Supp. of Mot. to Remand, Aug. 29, 2014 [ECF No. 14].) Both motions were fully briefed and the parties appeared in open court on October 9, 2014, to argue their respective positions. At the conclusion of oral arguments, I

- 1 -

informed the parties that I would deny Plaintiff's Motion to Remand and grant in part and deny in part Defendants' Motion to Dismiss. This opinion serves to supplement my in-court statements.

## I. STATEMENT OF FACTS[1]

Hackberry Baptist Church is a duly organized house of worship located in Halifax County, Virginia. It acts by and through its board of trustees ("Plaintiff"), the plaintiff in this action. (Compl. ¶ 1, June 27, 2014 [ECF No. 1-1].)

Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Ohio-based corporation that is licensed to transact business in Virginia. (Compl. ¶ 2; Not. of Removal ¶ 7 [ECF No. 1].) Defendant Rhonda Dody Womack ("Womack") is an insurance agent who owns and operates the Womack Insurance Agency in Danville, Virginia. (Compl. ¶ 3.) Womack sold Plaintiff the insurance policy at issue in this case. (Id. ¶ 6.)

On February 5, 1999, Nationwide issued Plaintiff commercial property insurance policy number ACP CPP 2442989278 ("the policy") to cover Plaintiff's property. (Compl. ¶ 6.) The initial policy term was one year, and Nationwide renewed the policy every year thereafter. (Id.) Plaintiff paid all premiums due under the policy. (Id. ¶ 7.) The policy provided for property coverage of up to $396,400.00 on Plaintiff's church building. There is no allegation that Womack was a party to the insurance contract (see id. ¶ 6), and Plaintiff conceded at oral argument that she was not.

Plaintiff contends that, on June 29, 2012, its church building was severely damaged by an extreme wind event, which rendered part of the building unusable and unsafe. (Id. ¶ 9.) Plaintiff filed a claim under the policy. (Id. ¶ 10.) Nationwide commissioned an engineering report in

---

[1] The facts are taken from Plaintiff's Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

- 2 -

Case 4:14-cv-00037-JLK-RSB   Document 26   Filed 10/20/14   Page 2 of 12   Pageid#: 202

July 2012, and the internal engineer concluded that the damage to the church building was not caused by wind. (Id. ¶ 11.) Nationwide denied Plaintiff's claim on August 22, 2012. (Id. ¶ 10.)

After receiving Nationwide's denial of its claim, Plaintiff commissioned its own engineering report. In September 2012, Gary Loomis, P.E., concluded that "[i]t is very possible that the wind from the June 29, 2012[,] storm caused [the] damage" to Plaintiff's church building. (Id. ¶ 12–13.) On January 13, 2014, Plaintiff and Defendants met at the church building to attempt to resolve their dispute over Nationwide's denial of Plaintiff's claim. (Id. ¶ 14.) As a result of that meeting, Nationwide commissioned Donan Forensic Engineering to prepare a third engineering report providing an independent review of the damage. (Id. ¶ 15.) That report supported Nationwide's original assessment of the damage. (Id. ¶ 16.) Based on that report, Nationwide resubmitted its original denial letter, dated August 22, 2012, to Plaintiff. (Id. ¶ 16.)

As a result of the damage to the church building, Plaintiff has been damaged in the amounts of $297,000.00 (actual replacement costs as of October 2, 2012) and $11,400.00 (estimated replacement costs for personal property damage inside the church building). (Id. ¶ 17.) Plaintiff has also incurred property and site clean-up costs. Additionally, Plaintiff continues to pay its premiums to Nationwide in the amount of $1,495.00 per year. (Id.)

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678.  In determining facial plausibility, the court must accept all factual allegations in the complaint as true.  Id.  The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (internal quotation marks omitted).  Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

Federal courts have subject matter jurisdiction over removed claims not presenting a federal question when no plaintiff resides in the same state as any defendant, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); see Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  If any defendant resides in the same state as any plaintiff, there is no complete diversity and no federal jurisdiction.  Mayes, 198 F.3d at 461.

A district court may retain jurisdiction over a matter when there is not complete diversity when a plaintiff fraudulently joins a defendant to defeat federal jurisdiction.  Mayes, 198 F.3d at 461.  "While the term fraudulent joinder connotes malfeasance, the word 'fraudulent' is a term of art, and does not reflect any nefarious intent by counsel."  Systems2 Communications, Inc. v. Comcast Corp., Case No. 7:10-cv-00501, 2011 WL 335254, at *1 (W.D. Va. Jan. 27, 2011) (citing AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990)).  If "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," Marshall v. Manville Sales Corp., 6 F.3d

- 4 -

229, 232 (4th Cir.1993) (emphasis in original), then the in-state defendant's citizenship may be ignored for the purposes of asserting jurisdiction over the action.

### III. DISCUSSION

Hackberry Baptist Church is, for the purposes of this Court's jurisdictional analysis, a Virginia resident. Its insurance agent, Defendant Rhonda Womack, is also a Virginia resident. If Womack remains as a defendant in this case, the case must be remanded because there will not be diversity of the parties sufficient to invoke this Court's subject-matter jurisdiction. See 28 U.S.C. § 1332(a) (2014); Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). If I determine that Womack was fraudulently joined, I may ignore her citizenship when determining diversity, there will be complete diversity of the parties, and the matter may proceed in this Court. Thus, the relevant, initial inquiry is whether Womack is a proper party to this action or whether she has been fraudulently joined.

It is axiomatic that federal courts have subject matter jurisdiction over removed claims when no plaintiff resides in the same state as any defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A federal court may retain jurisdiction over a non-diverse case on the basis of fraudulent joinder only if there was "'outright fraud in the plaintiff's pleading of jurisdictional facts'" or if "'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993)) (emphasis in original). A defendant alleging fraudulent joinder bears a heavy burden of persuasion and "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. "The inquiry into fraudulent joinder must be even more searching, and more favorable to the plaintiff, than the one

used to evaluate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). If the defendant does not negate *all possibility of recovery,* remand is appropriate." Systems2, 2011 WL 335255, at *1 (citing Hartley, 187 F.3d at 424–25).

In the present case, when analyzing Plaintiff's allegations under the most lenient of standards, Plaintiff does not have a "glimmer of hope" of recovering against Womack. See Mayes, 198 F.3d at 466. While it is true that Plaintiff has failed to state a claim against her, the Twombly and Iqbal standards of review do not control this analysis. "State pleading requirements are the pleading requirements applicable in the review of motions to remand." Systems2 Communications, Inc. v. Comcast Corp., Case No. 7:10-cv-00501, 2011 WL 335254, at *3 (W.D. Va. Jan. 27, 2011). Under this analysis, however, Plaintiff has still failed to allege a set of facts that would entitle it—under any theory—to recover against Womack.

At oral argument, Plaintiff conceded that it was asserting its breach of contract claim against Nationwide only. Thus, it has abandoned this claim as a basis to assert jurisdiction over Womack. Likewise, Plaintiff conceded that "attorney's fees" was not an independent cause of action. Plaintiff (properly) pleaded attorney's fees as a possible element of damages to be proven at trial. The only remaining grant of jurisdiction over Womack, then, is Plaintiff's allegation of fraud.

"[C]ounts of fraud must meet a particularized pleading standard" in Virginia. Alf v. Galen Capital Corp., 83 Va. Cir. 165, 2011 WL 8956204, at *3 (July 12, 2011). "Where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence [*sic*] accordingly, and since [fraud] must be clearly proved it must be distinctly stated." Mortarino v. Consultant Eng'g Serv., Inc., 251 Va.

- 6 -

Case 4:14-cv-00037-JLK-RSB   Document 26   Filed 10/20/14   Page 6 of 12   Pageid#: 206

289, 295 (1996) (internal quotations omitted). Under any recognized theory of fraud, Plaintiff lacks at least one essential element.

"A cause of action for actual fraud requires the plaintiff to prove: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367 (2003). "Constructive fraud differs from actual fraud in that the misrepresentation of a material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." Evaluation Research Corp. v. Alequin, 247 Va. 143, 148 (1994). "In order to state a cause of action for fraud in the inducement of a contract, a party must allege that the misrepresentations were 'positive statements of fact, made for the purpose of procuring the contract; that they [were] untrue; that they [were] material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract.'" Lucas v. Thompson, 61 Va. Cir. 44, 2003 WL 483831, at *3 (Jan. 15, 2003) (quoting Brame v. Guarantee Fin. Co., Inc., 124 S.E. 477, 481 (Va. 1924)).

All of these versions of fraud share the common element of a false statement of fact. In the present case, Plaintiff has not alleged any statement attributable to Womack that was false. Plaintiff does allege that, "Defendants engaged in an aggressive advertising campaign throughout Virginia touting its self-proclaimed honesty and fair dealing to prospective consumers, including the Plaintiffs." (Compl. ¶ 4.) While this amounts to an assertion by Defendants, it is not an assertion of fact. It is well established that such an expression of *opinion* "is no fraud." McMillion v. Dryvit Sys., Inc., 262 Va. 463, 471-72 (2001); see ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co., 553 F.3d 187, 205 (2nd Cir. 2009) (holding

that defendant's self-professed "standard-setting reputation for integrity" were too general to sustain charge of fraud); Alpine Bank v. Hubbell, 550 F.3d 1274, 1285 (10th Cir. 2008) ("[P]uffery cannot be the basis of any misrepresentation claim; whether the misrepresentation was made negligently or intentionally, a reasonable person would not rely on it."); Castrol, Inc. v. Pennzoil Co., 987 F.2d 939, 945 (3d Cir.1993) ("Puffery is distinguishable from misdescriptions or false representations of specific characteristics of a product. As such, it is not actionable."); Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246 (9th Cir. 1990) (explaining that statements are non-actionable puffery where they constitute "general assertions of superiority" instead of "factual misrepresentations"); Miller v. Premier Corp., 608 F.2d 973, 981 (4th Cir. 1979) ("[A]n unspecific and false statement of opinion such as occurs in puffing generally cannot constitute fraud . . . . There are, however, exceptions to this general rule . . . . A false prediction concerning future events made by one with superior knowledge of those events may constitute a fraudulent misrepresentation." (citing Lawson v. Citizens & S. Nat'l Bank, 259 S.C. 477, 485 (1972))); Loubier v. Allstate Ins. Co., Case No. 2010 WL 1279082, at *5 (D. Conn. Mar. 30, 2010) (collecting cases wherein fraud claims based on slogans and advertisements were not actionable); Wilson v. Popp Yarn Corp., 680 F. Supp. 208, 215 (W.D.N.C. 1988) ("Statements of opinion . . . are not actionable as fraudulent."); Montarino v. Consultant Eng'g Serv., Inc., 251 Va. 289, 293 (1996) ("It is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion."); Baughn v. Honda Motor Co., 727 P.2d 655, 668 (Wash. 1986) (holding that "loose general praise of goods sold," known as puffing, is not actionable for fraud); see also Howard v. Haddad, 962 F.2d 328, 331 (4th Cir. 1992) (noting that "puffery" lacks materiality in context of securities fraud).

While "each case must in a large measure be adjudged upon its own facts, taking into consideration the nature of the representation and the meaning of the language used as applied to the subject matter," Packard Norfolk, Inc. v. Miller, 198 Va. 557, 562 (1956), I am not aware of any court which has held that a party's self-representation that it is "honest" is a statement of fact that can give rise to a claim for fraud. See, e.g., In re Actimmune Marketing Litig., 614 F. Supp. 2d 1037, 1054 (N.D. Cal. 2009) ("Plaintiffs make tendentious leaps in concluding that defendants marketing efforts are false and misleading simply because defendants presented their drug product in the best light possible. . . . There is a clear distinction in the law between puffery and fraud."); In re Kidder Peabody Sec. Litig., 10 F. Supp. 2d 398, 413 n.15 (S.D.N.Y. 1998) (noting that statements regarding defendant's "integrity" amounted "to mere puffery"). Plaintiff has no offered any case law on this point either. Thus, Plaintiff has no "glimmer of hope" that, on the facts alleged, it may recover against Womack for fraud of any type.[2]

Even if the Court were to give every legal and factual inference to Plaintiff, there is no possibility that the Complaint as drafted would entitle Plaintiff to recover from Womack. It is possible that Plaintiff could redraft its Complaint to state a claim against Womack. On a motion to remand, however, the Court is not in the business of creating factual scenarios which could conceivably entitle a party to relief. The Court's job is to examine the allegations and determine if there is any possibility that Plaintiff could recover. On this Complaint, Plaintiff cannot. Womack was fraudulently joined and, for the same reasons, should be dismissed from this action.

---

[2] "Proof of fraud by nondisclosure 'requires evidence of a knowing and deliberate decision not to disclose a material fact.'" Cohn v. Knowledge Connections, Inc., 266 Va. 362, 368 (2003) (quoting Lambert v. Downtown Garage, Inc., 262 Va. 707, 714 (2001)). Nothing in the Complaint suggests that Plaintiff is proceeding on a theory that Womack failed to disclose to it a material fact. Thus, Plaintiff has "no possibility of recovery" for fraudulent nondisclosure.

Nationwide's motion to dismiss the fraud count asserted against it must be granted for the same reasons that Womack is not a proper party—Plaintiff has not alleged any statement of fact that would give rise to a claim for fraud. Plaintiff's attempts to hide behind the Virginia pleading standard to justify its failure to plead the alleged fraud with particularity is unpersuasive. First, as stated above, its allegations would fail even under Virginia's more lenient pleading requirements. Second, but more importantly, Plaintiff is now in federal court. The fact that it initially filed its case in state court does not excuse it from complying with the pleading rules of this Court. While such an excuse may justify granting Plaintiff leave to amend its Complaint, it is a not a valid reason to excuse it from the requirements of pleading applicable to every federal court action.

The breach of contract claim is a much different question. While Nationwide is correct that Plaintiff does not plead which provision of the insurance contract entitles it to recover on its insurance claim, Plaintiff does allege that "Defendants had issued to Plaintiff a Commercial Property insurance policy . . . which . . . provided coverage to Plaintiff for the Church property located at 2026 Hackberry Road, Sutherlin, Virginia . . . ." (Compl. ¶ 6.) Plaintiff also alleges that it suffered a loss (id. ¶ 9), that it submitted a claim (id. ¶ 10), that Nationwide denied that claim (id. ¶¶ 10–11, 16), that Nationwide's denial was wrongful (id. ¶ 26–28), and that Plaintiff was damaged as a result (id.). Defendant has not pointed to any applicable Virginia or Fourth Circuit law that requires a plaintiff to quote the precise language of an insurance contract in order to state a claim for breach of that contract. Under the standard of Iqbal and Twombly, Plaintiff has adequately alleged that it purchased an insurance contract from Nationwide, that it suffered a covered loss (to wit, wind damage), that Nationwide wrongfully refused to pay the claim, and that Plaintiff was damaged by that act. That represents all the elements for breach of contract

- 10 -

under Virginia law. See Filak v. George, 267 Va. 612, 619 (2004). Therefore, Nationwide's motion to dismiss Plaintiff's breach of contract claim will be denied.

At oral argument, Plaintiff requested leave to amend its Complaint. Defendant opposed that request, stating that Plaintiff could not craft a Complaint that would suffice. That argument may or may not be accurate, but it is not something I can know at this early stage of the litigation. Plaintiff is the master of his case and the manager of his facts. I cannot say that an amendment would be futile because I do not know the content of the conversations between Plaintiff, Nationwide, and Nationwide's agents. As such, Plaintiff should be and will be granted leave to amend its Complaint if it so chooses.

### IV. CONCLUSION

It has been said that "every promise made is a debt unpaid."[3] That is true. But in this case, the alleged promise outlined in Plaintiff's Complaint sounds in contract, not tort. As alleged in the Complaint, Plaintiff cannot recover on its claims against Womack. In the absence of a statement of fact made by Womack, there is no theory of fraud under which Plaintiff may succeed. Therefore, Womack was fraudulently joined as a party, her citizenship should be ignored for purposes of determining jurisdiction, and Plaintiff's Motion to Remand will be denied. Likewise, Plaintiff has failed to state a claim for fraud against Womack and the claims against her will be dismissed.

For the same reasons, Plaintiff has failed to state a claim against Nationwide for fraud, and Nationwide's motion to dismiss will be granted as to that count. Plaintiff has, however, pleaded the essential elements of a breach of contract claim against Nationwide. Nationwide's motion will be denied on that claim.

---

[3] Robert W. Service, "The Cremation of Sam McGee," available at www.poetryfoundation.org/poem/174348 (last visited Oct. 20, 2014).

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 20th day of October, 2014.

                                            s/Jackson L. Kiser
                                            SENIOR UNITED STATES DISTRICT JUDGE